# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RITA MARTIN, | \* | |
| | \* | No. 14-325V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: July 25, 2016 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' fees and costs; Respondent |
| AND HUMAN SERVICES, | \* | objects to amount requested. |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner;
Traci R. Patton, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS**[1]

Petitioner Rita Martin filed her application for attorneys' fees and costs on May 7, 2016. The Secretary objected to the amount Ms. Martin requested. Ms. Martin is awarded **$71,912.91**.

\*   \*   \*

Ms. Martin alleged that Tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine, which she received on December 14, 2011, caused her to develop postural orthostatic tachycardia syndrome. All the necessary medical records were submitted in a timely manner, and the petitioner submitted an expert report with

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

the petition. Exhibit 7. In her expert report, Dr. Svetlana Blitshteyn opines "that vaccination with Tdap vaccine was more likely than not the causative factor in the development of the new-onset POTS in the case of Rita Martin." Exhibit 7 at 4. Dr. Blitshteyn states that "the onset of symptoms within 3 weeks after the administration of Tdap vaccine in a healthy patient without personal history of neurologic, cardiac or psychiatric illness suggests that Tdap was more likely than not a precipitating factor in the pathogenesis of POTS in the case of Rita Martin." Id. Dr. Blitshteyn determined the date of onset by relying on the affidavits.

The Rule 4 report disagrees with the onset time claimed by petitioner. Whereas petitioner used the affidavits, respondent used the information in the medical record. Once the dispute over onset became apparent, the parties began to prepare for a hearing. By order of the undersigned, the petitioner's counsel obtained and submitted multiple affidavits. To locate some witnesses and obtain these affidavits, petitioner's counsel retained the services of an investigator, James Vermillion. Pet'r's Mot., filed May 7, 2016 at 2.

Outside of all submissions, petitioner's counsel participated in eight status conferences. In addition, for a period of five days, for the purposes of the evidentiary fact hearing, petitioner's counsel spent a great deal of time traveling to meet witnesses, discussing court protocol with them, preparing them for direct examination, and preparing them for cross examination.

The fact hearing for the determination of onset was held on September 29, 2015, and the undersigned issued a Ruling Finding Facts on February 25, 2016. The undersigned issued an order concluding proceedings pursuant to Vaccine Rule 21(a). Order, issued Mar. 22, 2016. Upon conclusion, the petitioner requested $53,897.25 in attorneys' fees and $18,015.66 in costs, $10,615.66 in attorneys' costs, and $7,400 in expert fees.

Respondent filed a response objecting to the amount of attorneys' fees granted. Petitioner filed a reply to the respondent's report distinguishing this case from those cited by the Secretary and claiming that the amount of compensation was reasonable. At this point, the motion is ready for adjudication.

\*    \*    \*

Even when compensation is denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Based on the medical

2

evidence offered in Ms. Martin's case, and the support of Dr. Blitshteyn's expert report, this case was brought with a reasonable basis and petitioners are eligible for an award of attorneys' fees and costs. The ensuing question is how much is reasonable.

The Secretary objected to the amount Ms. Martin requested. She stated that a reasonable amount is between $34,000.00 and $45,000.00. The Secretary further suggested that the undersigned make a determination as to the amount of an award within that range. See Resp't's Resp. at 3. Although the Secretary cited two cases as examples, the cases that Secretary cites had no expert; therefore, the proposed comparisons made are not on point.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera, 515 F.3d at 1348. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

Ms. Martin requests that her primary attorney, Mr. Pop, be compensated at a rate of $400 per hour. Other professionals associated with Mr. Pop have charged lesser amounts.

The rates proposed for petitioner's attorneys are found to be reasonable. Baldwin v. Sec'y of Health & Human Servs., No. 14-888, 2016 WL 3597886 (Fed. Cl. Spec. Mstr. June 1, 2016), at *2. Special Master Gowen stated that "Special Master Corcoran found reasonable a rate of $400.00 an hour for petitioner's counsel [in the case of Pentcholov v. Sec'y of Health & Human Servs., No. 14-414V, 2016 WL 3197389 (Fed. Cl. Spec. Mstr. April 29, 2016)], Mr. Jeffrey Pop (for approximately 43 years of experience)…" Id. Similarly, the rates charged by Ms. Grigorian, Ms. Pop, Mr. Hahn, and the law clerks are all found to be reasonable. See also McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The next step is to determine whether a reasonable amount of time was spent during each activity. Line by line analysis of the timesheets submitted by the petitioner shows that the amount of time was not excessive. The timesheets are sufficiently detailed that his activities are understandable and, while some acts may have been able to be done more quickly, the amount of time spent by petitioner

was not unwarranted. As such, the undersigned finds that the amount of time spent is reasonable. While there might be disagreement over some entries, the Secretary did not make any specific objections.[2]

The submitted timesheets provide a value of $71,912.91 for fees and costs. The Secretary requested that petitioner be granted an amount between $34,000.00 and $45,000.00. Because the Secretary provided no explanation for how she determined the range, the Secretary's representation carries relatively little weight. Additionally, the court has not made an upward or downward departure from this initial calculation of the fee award based on any specific findings.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds that there was a reasonable basis for the claim brought and that $71,912.91 is a reasonable amount for all attorneys' fees and costs incurred. In compliance with General Order No. 9, petitioner states that she did not incur any in out-of-pocket litigation expenses while pursuing this claim. The undersigned GRANTS Ms. Martin's motion and awards **$71,912.91** in attorneys' fees and costs. This shall be paid as follows:

> **A lump sum payment of $71,912.91, in the form of a check made payable jointly to petitioner and petitioner's attorney, Jeffrey S. Pop, of Jeffrey S. Pop, Attorney at Law, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions regarding this order may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] In the future, petitioner's attorney may wish to redact amounts discussed in settlement negotiations before submitting timesheets. See entries for Aug. 5, 2014, and Aug. 25, 2014.